[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

No. 10-15650
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-00207-MEF-CSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES CARMELO PENALBA-MARTINEZ,
a.k.a. Luis Fuentes,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 11, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Andres Carmelo Penalba-Martinez appeals his sentence of 70 months of imprisonment for bank fraud. 18 U.S.C. § 1344. Penalba argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion by sentencing Penalba to a term of imprisonment 24 months above the top of the guideline range and well below the statutory maximum term of 360 months of imprisonment. Although Penalba was indicted for conspiring to commit bank fraud and five counts of committing bank fraud, Penalba negotiated an arrangement to plead guilty only to the charge of defrauding MBNA Bank by using a counterfeit credit card bearing a valid account number to purchase more than $640 of goods. Penalba's presentence investigation report described a criminal history that spanned over 24 years and included 61 convictions for crimes ranging from carrying a concealed weapon, battery of a law enforcement officer, and possession of drugs and drug paraphernalia, to theft and forgery of a credit card, as well as arrests for 24 other crimes and for charges that were pending in Florida and Alabama. The district court reasonably determined that an upward variance was necessary to address Penalba's history and characteristics, see United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008), and to provide adequate punishment, promote respect for the law, protect the public, deter future similar crimes, and provide Penalba

with "the benefits of any vocational training or educational opportunities" available to him in prison.  <u>See</u> 18 U.S.C. § 3553(a)(1)–(2).  Penalba's sentence is reasonable.

We **AFFIRM** Penalba's sentence.